JOHN S. GRIFFITH v. RICHARD O. ROBINSON.

The Statute regulating attachments provides that the party applying for an attachment shall make an affidavit and give a bond, (Hart. Dig. Art. 25, 26,) and that upon such affidavit and bond being filed, it shall be the duty of the District Judge, Clerk or Justice of the Peace, to issue an attachment.

Although it necessarily follows from the duty imposed upon the Clerk, that he must judge of the sufficiency of the bond, and approve of it as a legal predicate for his action, the Statute does not require him to manifest his approval by a formal entry. That being the case, his issuing process, founded on the bond, after it had been filed, is a strict compliance with the letter of the law ; and a due regard to the substantial rights of the defendant can require nothing more.

The affidavit for an attachment, on the ground that the defendant secretes him-
self so that the ordinary process of law cannot be served on him, is not re-
quired to state that the defendant is a resident of the State ; such affidavit
necessarily implied that the defendant was amenable to ordinary process, or
that he had just been so.

Appeal from Nacogdoches.    Tried below before the Hon.
Archibald W. O. Hicks.

The facts are stated in the Opinion.

*Clark & Walker*, for appellant.    It is further objected that
the bond was not approved.    The Clerk approved and adopted
it by his acts.    He issued process upon it, filed it, &c.    Failure
to approve it was no ground to quash.    The act of approval
was ministerial ; the neglect to perform the duty could not be
controlled by the plaintiff.    (Burdett v. Marshall, 3 Tex. R.
24.)    Indeed the decision cannot be supposed to have rested
on the last ground, and was based evidently on the objection
that the petition was not sworn to.

*Ochiltree* and *Moore*, for appellee.    The bond was never ap-
proved by the Clerk, who took the same, as the Statute requires.
It might, however, be said, in view of the fact that the bond
was filed and the writ of attachment issued, that it would be
presumed that the officer, authorised to take the bond, had
acted upon it ; and this doubtless would be correct, if this
objection had not been specially taken in the Court below ;
when taken, it became a question of fact, and had the bond
been taken and approved by the Clerk, it was the duty of the
appellant to have made it appear by the record, as it is now
well settled that unless the contrary clearly appear, the Court
below will be presumed to have decided correctly upon the
facts before it.

ROBERTS, J.    This is an action, brought by appellant against
appellee, upon promissory notes, in which an attachment was
issued.    Appellee moved to quash the attachment, because,

1st. The petition was not sworn to. 2nd. There was no sufficient bond. 3rd. There was no sufficient affidavit ; and 4th. " Because the bond was never approved by the Clerk who took the same, as the Statute requires."

The Court below sustained the exceptions and quashed the attachment ; and judgment having been rendered on the notes, the cause is brought here to revise the action of the Court upon the motion. The only ground now relied on is the last contained in the motion, as above recited. The record shows an indorsement on the bond as follows :

" Attachment Bond, filed April 6th, 1855."

" E. Coon, C. D. C."

And on the same day process is issued by the Clerk. There is no express approval written on the bond by the Clerk.

To sustain the bond appellant cites the case of Burdett v. Marshall, (3 Tex. R. 24,) where it was decided, in case of an appeal from a Justice's to a District Court, that " the approval of the appeal bond, required by the Statute, is an act of judgment, and is intended to protect the rights of the appellee. But the entry upon the bond, of that approval, is not a judicial but a mere clerical act. The facts disclosed by the record leave no doubt that the bond had in point of fact received the approval of the Justice, although he had omitted to place the evidence of his approval upon it formally in writing. This mere clerical omission he ought to have been permitted to supply, and it was error in the Court to refuse the permission." In that case, the party whose bond was excepted to, asked permission of the Court to allow the Justice to cure the defect by endorsing his approval on the bond after the cause had been removed to the District Court, which was refused him.

It will be found that it will not be necessary to determine how far the reasoning of the Court in that case will apply, in all respects, to an attachment bond. The Statute provides that a party applying for an attachment shall make an affidavit and give a bond ; (See Arts. 25 & 26, Hart. Dig.;) and " that

upon such affidavit and bond being filed, it shall be the duty of the District Judge, Clerk, or Justice of the Peace to issue an attachment," &c.   Although it necessarily follows from the duty imposed upon the Clerk, that he must judge of the sufficiency of the bond, and approve of it as a legal predicate for his action, the Statute does not require him to manifest his approval by a formal entry.   That being the case, his issuing process founded on the bond, after it had been filed, is a strict compliance with the letter of the law ; and a due regard to the substantial rights of the appellee can require nothing more than such an approval, as fully shown by the reasoning of the decision above quoted.

The judgment must be reversed as to the attachment, and judgment here rendered condemning the property levied on to be sold in satisfaction of the judgment on the debt.

Reversed and reformed.

*Ochiltree* and *Moore*, for appellee, petitioned for a rehearing, on the ground that the petition, which alleged the residence of the defendant in Nacogdoches county, not being sworn to, and the affidavit not stating his residence, it did not appear that he was not a non-resident, in which case an attachment would not lie on the ground that he secreted himself so that the process of the law could not be served upon him ; and they cited previous decisions to the point, that proceedings in attachment will be strictly construed.

ROBERTS, J.   The motion for rehearing in this case presents the point, not heretofore considered, that the affidavit for the attachment is defective in not stating that Robinson is a resident of the State.   It is argued that whenever the attachment is sued out on the ground that the defendant " secretes himself so that the ordinary process of law cannot be served on him," it must also appear and be sworn to, that the defendant is a

Griffith v. Robinson.

resident of the State ; for the reason that such a ground is inapplicable to a non-resident. When plaintiff swore that the defendant secreted himself so that the ordinary process of law could not be served on him, it was necessarily implied in the affidavit, that he was amenable to ordinary process or had just been so, and this might apply to a non-resident as well as to a resident. For instance, a non-resident might be temporarily in a county when a cause of action existed against him, and where he could be sued and served with ordinary process, and if upon finding out that process was about to be served on him, he were to secrete himself to avoid it, he would be liable to an attachment, and the affidavit could be truthfully made for such purpose. Such an affidavit is wholly inapplicable, on the other hand, to a non-resident who is not and never has been in the State, or in a situation to avoid process by the act of secreting himself. However rigidly the attachment law may be construed, it will hardly be held, that a party should not only swear to the facts as prescribed in the Statute, but also set out and swear to the existence of facts necessarily implied in the affidavit, or swear to the non-existence of facts not necessarily, though contingently, rendering his affidavit inapplicable.

We do not think the point well taken ; and the judgment will not be disturbed.

Rehearing refused.