**CARNES CORPORATION, Appellant,**

v.

**THERMAL SUPPLY, INC., et al.,**
**Appellees.**

**No. 13970.**

Court of Civil Appeals of Texas.

Houston.

June 21, 1962.

Rehearing Denied July 13, 1962.

Ross, Banks & May, Guy H. McDaniels, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, M. W. Parse, Jr., Houston, for appellees.

WERLEIN, Justice.

This suit was brought by appellant, Carnes Corporation, on an alleged itemized sworn account against some five partners doing business under the partnership name of United Supply Company, hereinafter called United, and against Thermal Supply, Inc., for the amount of such debt based upon a written agreement between United and Thermal whereby Thermal purchased the assets of United and assumed its liabilities. Trial was to the court without a jury. The trial court entered a take nothing judgment in favor of appellees.

At the request of appellant, the trial court filed its findings of fact and conclusions of law. The court found in substance that the merchandise described in appellant's petition was sold pursuant to a purchase order of United and upon terms and

sales price determined by the provisions of a written contract between appellant and United dated September 1, 1956; that on September 2, 1958 Thermal purchased the assets of United and assumed and agreed to pay or discharge United's liabilities and obligations as are described in the written agreement introduced in evidence as Plaintiff's Exhibit No. 2, and that the basic purchase price of $617,539.00 for the assets of United was not adjusted by reason of the transaction made the basis of appellant's suit; that Thermal offered to return to appellant the merchandise described in appellant's petition, and such offer was refused; and that the contract between appellant and United was assigned by United in the sale of its assets to Thermal without objection on the part of appellant, and was not cancelled until December 8, 1958.

In its conclusions the court stated that appellant conceded that "The Defendants alleged and proved that an illegal agreement existed between Carnes and United at the time the merchandise was ordered in that such agreement contains provisions violative of the Anti-Trust statutes of Texas," and that the debt created is unenforceable against United and absolutely void under Article 7437, Vernon's Annotated Texas Statutes, and hence is not a liability or obligation within the meaning of and intent of the parties expressed in the contract between United and Thermal; that appellant cannot establish a claim against Thermal without showing the illegal transaction between appellant and United in which the merchandise was sold; and that Thermal is not liable to appellant in quasi contract since it has not been guilty of any wrongful conduct, and offered to return the merchandise, which offers were rejected by appellant.

■ No statement of facts has been filed herein. Based upon appellant's judicial admission that it could not recover against United, and upon a consideration of the evidence and the written agreement upon which appellant sued Thermal, the trial court held that none of the defendants was liable to appellant and entered a take nothing judgment. Appellant, apparently conceding the illegality of the contract between it and United, makes no contention that the judgment is erroneous as to United. Appellant acknowledges that its suit against Thermal is based upon a written contract between Thermal and United. Although such contract was introduced in evidence in the trial court, it is not before this Court, and we have no knowledge of its terms or provisions. The admissions made by appellees pursuant to appellant's request for admissions, do not support appellant's claim against Thermal in view of appellees' denials to some of such requests. The law is well settled that one claiming to be a third party beneficiary succeeds or fails according to the provisions of the contract sued upon. Western Union Telegraph Company v. Douglass, 1911, 104 Tex. 66, 133 S.W. 877; Burke v. Scott, Tex.Civ.App., 237 S. W.2d 655, writ. ref., n. r. e.; First Nat. Bank of Breckenridge v. First Nat. Bank of Stamford, Tex.Civ.App., 53 S.W.2d 75, error dism.

■ The trial court found that Thermal agreed to discharge such liabilities and obligations of United as are described in the written agreement between United and Thermal. Since such agreement is not before us, it is impossible for this Court to determine what liabilities and obligations are described therein. The trial court with the agreement before it, concluded that appellant's claim is not a liability or obligation within the meaning and intent of the parties expressed in the contract between United and Thermal. The trial court further found that the merchandise in question was sold pursuant to the admittedly illegal contract between appellant and United, and concluded that appellant could not establish its claim against Thermal without showing the illegal transaction between appellant and United. The law is well settled that if the party who seeks to enforce a demand has to depend upon or require assistance from an illegal transaction in order to es-

tablish his case, he cannot recover. Wiggins v. Bisso, 1898, 92 Tex. 219, 47 S.W. 637; Read v. Smith, Tex.Sup.1883, 60 Tex. 379; 13 Tex.Jur.2d, Contracts, § 215.

Since the contract upon which appellant bases its claim against Thermal is not before us and no statement of facts has been filed, and there are no findings of fact or conclusions of law upon which appellant might recover against Thermal, we cannot say that the trial court erred in denying appellant's claim. It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment. Commercial Credit Corporation v. Smith, 1945, 143 Tex. 612, 187 S W.2d 363, and authorities cited.

Judgment affirmed.