Jack L. SHERROD et al., Appellant,

v.

Victor R. BAILEY et al., Appellee.

No. 17284.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 8, 1979.

Rehearing Denied April 5, 1979.

William W. Byrd, Houston, for appellant.
Robert H. Hull, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

PEDEN, Justice.

This is an appeal by Jack L. Sherrod *et al.* (Developers) from a judgment in favor of Victor R. Bailey *et al.* (Residents) based primarily on fraudulent misrepresentations and breach of contract. The jury found in response to special issues that 1) Sherrod promised Residents he would build roads that conformed to Harris County standards, 2) he failed to do so, 3) he made the promises with intent that the roads would not be so built, 4) he made the promises to induce Residents to buy lots, and 5) that the Residents reasonably relied on the promises to their detriment. The jury assessed actual damages (Issue 6) and punitive damages (Issue 7). The trial court granted the Developers' motion to disregard the jury's finding of punitive damages but entered judgment for the Residents in accordance with the jury's answers to the first six special issues.

On appeal the Developers assert insufficiency of the plaintiffs' pleadings, improper measure of damages, violation of the parol evidence rule, erroneous admission of expert testimony, and no evidence that Sherrod made a verbal promise. Residents maintain by cross-points that there is evidence to support an award of punitive damages and that the trial court erred in disregarding the jury's award of them. We reverse and remand.

From 1971 until 1975, Sherrod sold residential lots in two subdivisions, Spring-Stuebner Estates and Spring-Stuebner Estates Section II. Residents are all owners of lots in these two unrecorded subdivisions located in north Harris County.

The Residents assert that Sherrod orally promised that the roads in the subdivision would be brought up to Harris County standards so that the county would maintain them; Sherrod denies ever having made such a promise. The Residents have been attempting to maintain the roads themselves, and photographs in evidence demonstrate that the roads contain deep ruts and potholes.

Developers' points of error 1, 2, 3, 4, and 6 assert insufficiency of the Residents' plead-

ings. In their first two points, the Developers say the trial court erred in rendering judgment for the plaintiffs because they did not specifically plead any facts or otherwise file pleadings to support the submission of Issue 6 asking what losses, if any, were sustained by the Residents on the current value of their lots and improvements with roads as they now exist as compared with what the value would be if the roads were built to Harris County standards. In their fourth point, the Developers complain that the trial court erred in overruling their objections to the court's charge based on the lack of pleadings to support the submission of Issue No. 6. That issue, together with its instruction, was submitted as follows:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiffs listed below for their damages, if any, which you find from a preponderance of the evidence proximately resulted from the occurrences inquired about herein?

You may consider the following element of damage, if any, and none other:

Loss in market value, if any, of each particular lot and improvements situated thereon with roads as they now exist in said subdivision as compared to what the value would be if roads were to Harris County Standards.

Answer in dollars and cents, if any."

█ The purpose of pleadings is to put one's opponent on notice as to the parameters of the forthcoming battle.

█ Defects in the opponent's pleadings are not waived if challenged by special exception, objection to evidence, motion to strike testimony, motion for instructed verdict, or objection to the charge. When specific complaint has been made and an adverse ruling obtained from the court, there will be no implied consent to the trial of issues outside the pleadings. 2 McDonald Texas Civil Practice 49, Pleading: General § 5.18 (1970).

The relevant portions of the Residents' petition were:

*Count III*

(Stating a Cause of Action for Breach of Contract)

At the time Plaintiffs purchased their property in Spring-Steubner Estates and Spring-Stuebner Estates Section II, Defendants made oral representation to Plaintiffs that the roads and streets in Spring-Stuebner Estates and Spring-Steubner Estates Section II subdivisions would be brought up to Harris County standards so that the roads would be maintained by Harris County.

. . . . .

The Defendants have not brought the roads in the subdivision up to Harris County standards at any time since selling of lots in the subdivisions began in 1971. Defendants have breached this agreement, which breach has caused Plaintiffs' loss.

. . . . .

Plaintiffs pray for specific performance of the agreement to bring the roads in the subdivision up to county standards and have them maintained; or, in the alternative, Plaintiffs plead for the cost of bringing the roads up to county standards and have the county take them over. The cost of paving the roads and reworking the ditches to provide adequate drainage would be approximately One Hundred Seventy-Five Thousand Dollars ($175,000.00), of lowering the three Tenneco pipelines would be at least Two Hundred Fifty Thousand Dollars ($250,000.00), and of lowering the Amoco pipeline would be approximately Twenty Thousand Dollars ($20,000.00), for which Plaintiffs here pray judgment.

*Count IV*

(Stating a Cause of Action for Fraud under Texas Business and Commerce Code, Sec. 27.01)

XII.

Plaintiffs allege that Defendants willfully represented to Plaintiffs that the roads in the subdivision would be brought up to county standards and that mainte-nance would be assumed by Harris County. This material promise to bring the roads up to county standards was made by the Defendants with the intention of not fulfilling it and for the purpose of inducing the Plaintiffs to enter into the purchase contract with the Defendants herein. Plaintiffs relied upon these representations in entering into their contracts to purchase their several parcels of property. The difference in the value of the property as represented and the value of the property as sold exceeds Seventy-Five Thousand Dollars ($75,000.00), for which Plaintiffs herein pray.

Additionally, Plaintiffs further ask this Honorable Court that punitive damages be awarded to Plaintiffs for Defendants' willful and fraudulent acts in the amount at least twice the actual damages found herein, but in no event less than One Hundred Fifty Thousand Dollars. ($150,-000.00).

. . . . .

*Count VI*

(Stating a Cause of Action for Mandatory Injunctions Incorporating All Allegations from Paragraphs I through XIII).

XIV.

Plaintiffs plead in the alternative in equity that this Court issue a mandatory injunction against Defendants to force Defendants to cause the roads in Spring-Stuebner Estates and Spring-Stuebner Estates Section II to be brought up to Harris County standards as defined in Exhibit "F" attached hereto.

. . . . .

XVI.

In the alternative to all of the above, and without waiver thereof, if the agreements to provide a restricted subdivision were not sufficiently definite, then Defendants are estopped to deny this insufficiency because Plaintiffs herein have relied on these promises heretofore set out to their great detriment and loss. Plaintiffs would be entitled to recover the amounts herein sought.

WHEREFORE, premises considered, Plaintiffs pray that Plaintiffs be awarded damages as aforesaid or other remedies as aforesaid, all costs of court, and all such other and further relief, both in law and in equity, to which they may be justly entitled.

■ We sustain the appellants' first, second and fourth points of error. As to the roads in question, the Residents had asked in a prior petition for common law damages, but the Defendants were entitled to conclude from the deletion of that aspect of the claim, that it was being abandoned. As we have seen, their trial petition explicitly sought 1) specific performance of the oral representations, or 2) the cost of bringing the roads up to county standards, 3) the difference in the value of their properties *as represented* and *as sold*, 4) punitive damages, 5) a mandatory injunction to force defendants to bring the roads up to Harris County standards, and 6) general relief. (emphasis added)

■ "When items of special damage are claimed, they shall be specifically stated." Rule 56, Texas Rules of Civil Procedure. Special damages are those that proximately result from the defendant's wrongful conduct but are of such an unusual nature that they would normally vary with the circumstances of the individual case in which they occur. General damages are those that are so usual an accompaniment of the kind of breach or wrongdoing alleged in the complaint that the mere allegation of the wrong gives sufficient notice. 2 McDonald, Texas Civil Practice 124, § 6.17.1 (1970).

■ We cannot say that a necessary result of a fraudulent misrepresentation as to quality of roads in an undeveloped subdivision will be purchasers' losses in value of their properties as improved at the time of trial as compared to what they would be if the roads were as represented. This was an item of special damages, and facts raising them should have been specially pleaded.

■ Stated another way, it was held in a negligence case that if a plaintiff makes a general allegation of damages it will suffice as a basis for proof of those damages which naturally and necessarily result therefrom, for the law implies such damages. But if plaintiffs choose to particularize the injuries arising from a harm, all that they intended to prove must be alleged. *Weingartens, Inc. v. Price*, 461 S.W.2d 260 (Tex.Civ. App.1970, writ ref. n. r. e.).

We have noted that in our case the jury was instructed to consider the loss in market value of each lot *and its improvements* with the roads in their present condition as compared to what their value would be if the roads met the county standards. (emphasis added)

Did the defendants have fair notice of the proof to be offered? This measure of damages, based on the market value of the improved lots at the time of trial, was not raised by the pleadings. The plaintiffs did not allege that improvements had been built on their lots, nor did they ask for damages to any improvements. By their only allegations concerning their damages based on the values of their properties, they asked for "the difference in value of the property as represented and . . . as sold." (Count IV, Paragraph XII, above). This pleaded measure of damages was, as they indicated in the heading of Count IV, the one provided by Section 27.01 of the Texas Business & Commerce Code, and it put the defendants on notice that damages were to be assessed based on values existing when they sold the respective tracts. The defendants were entitled to conclude that damages to the improvements were not being sought. The defendants raised this point in their objections to the trial court's charge.

■ We do not suggest that the plaintiffs may not recover, under proper pleadings, damages in addition to those provided in Section 27.01 of the Code. Section 27.01 replaced Article 4004, V.T.C.S. Neither Article 4004 nor Section 27.01 superseded the common law rule and neither provides an exclusive remedy for the recovery of damages in an action based on fraud in a real estate transaction. *Maddox v. Worsham*,

415 S.W.2d 222 (Tex.Civ.App.1967, writ ref. n. r. e.) citing *El Paso Development Co. v. Ravel*, 339 S.W.2d 360 (Tex.Civ.App.1960, writ ref. n. r. e.). It should be noted that in both those cases the plaintiffs clearly alleged that the fraud was not discovered until after they had taken possession of the properties and had spent money in developing and utilizing them. It was held in both cases that the plaintiffs might recover "such additional damages as are directly traceable to the wrongful act complained of and which result therefrom."

 It is well settled that a prayer for general relief will support any relief raised by the evidence and consistent with the allegations in the petition. We hold that the relief granted was not consistent with the plaintiffs' allegations.

 The appellants' eleventh point complains that the plaintiffs' testimony about Sherrod's promises about the roads violated the parol evidence rule. We overrule this point. The parol evidence rule does not preclude enforcement of prior contemporaneous agreements which are not inconsistent with and do not vary or contradict the express or implied terms or obligations thereof. *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30, 32 (1958).

Our disposition of these points of error makes it unnecessary for us to decide the appellants' other points.

The appellees complain by cross-points of the trial court's having disregarded the jury's award of exemplary damages.

Having held that the plaintiffs were not entitled to recover actual damages under the pleadings and proof offered, we cannot hold that they could recover exemplary damages.

Reversed and remanded.