Leroy MASSEY, Petitioner,

v.

ARMCO STEEL COMPANY and Ray
Lambright, Respondents.

No. C–1406.

Supreme Court of Texas.

June 8, 1983.

Rehearing Denied July 20, 1983.

Fortson, Frazer & O'Neil, Norman W.
O'Neil, Jr., Krist, Gunn, Weller, Neumann
& Morrison, Harvill E. Weller, Jr., Houston,
for petitioner.

Vinson & Elkins, Gay C. Brinson, Jr. and
Brock C. Akers, Houston, for respondents.

POPE, Chief Justice.

This is a workers' compensation case in
which we must determine whether an em-
ployee's counterclaim against his employer

for an intentional tort stated a cause of action that was independent of his claim for which the Industrial Accident Board awarded benefits. The court of appeals, with one judge dissenting, affirmed a summary judgment against the employee on the grounds that the workers' compensation award was his exclusive remedy. 635 S.W.2d 596. We reverse the judgment and remand the cause to the trial court.

The Texas Industrial Accident Board awarded Leroy Massey total and permanent compensation for an injury he received while working for Armco Steel Company. American General Fire and Casualty Company elected to appeal the award to the district court. Massey answered and filed a counterclaim alleging three causes of action against American General and its employee, James Sansing, and Armco and its agent, Ray Lambright. In his first cause of action, Massey asserted his right to recover against American General under the workers' compensation insurance policy. In his second and third causes of action, Massey joined Armco, Lambright and Sansing claiming that they conspired to interfere with the settlement of his compensation claim. Massey alleged a breach of the duty of good faith and fair dealing owed under the contract of insurance and sought damages for the intentional infliction of emotional distress.

Armco's special exception to Massey's counterclaim and his motion for summary judgment urged that Massey's cause of action against Armco was barred by section 3, article 8306, of the Texas Revised Civil Statutes Annotated. The trial court did not rule on the special exception, but granted a summary judgment grounded upon the recited reason that an award for compensation was Massey's exclusive remedy. We are not here concerned with the merits of Massey's claim for compensation, that having been severed into a separate cause. Massey urges that his action against Armco and Lambright was for an intentional tort which he did not waive by pursuing his rights to compensation. He says that the tort arose after the injury.

Although the Workers' Compensation Act bars an employee's common law action for negligence against his employer, the Act does not exempt employers from common law liability for intentional torts. *Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 739 (Tex.1980); *Middleton v. Texas Power & Light Co.,* 108 Tex. 96, 185 S.W. 556, 560 (1916). An employee, however, may waive his cause of action for intentional tort if he seeks benefits under the Act. *Grove Manufacturing Co. v. Cardinal Construction Co.,* 534 S.W.2d 153, 155 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Jones v. Jeffrey,* 244 S.W.2d 924, 926 (Tex. Civ.App.—Dallas 1951, writ ref'd). The collection of workers' compensation benefits by an employee who subsequently alleges his injury was by intentional tort constitutes an election of remedies and estops the employee from proceeding to recover damages outside the Act. *Porter v. Downing,* 578 S.W.2d 460, 461 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.).

We agree with Massey's general premise that an employee may have one claim against his employer under the Workers' Compensation Act and a claim at common law for intentional tort. Since such claims are mutually exclusive, however, the employer's intentional act must be separable from the compensation claim and must produce an independent injury. We must, therefore, examine Massey's pleadings and determine whether he has alleged an intentional tort against Armco and Lambright that is independent of the original claim for which the Board awarded benefits.

Massey urges that Armco and Lambright engaged in a civil conspiracy by interfering with the settlement process of his claim and that they knew he was entitled to the full benefits awarded by the Board, but hoped his deteriorating physical, emotional and mental condition would force him to settle his claim for less than the amount awarded by the Board. He alleges that Armco and American General combined to breach the duty of good faith and fair dealing owed Massey under the contract of insurance,

resulting in the intentional infliction of emotional distress.

 Massey has failed to state a cause of action against his employer for civil conspiracy as contended. An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Great National Life Insurance Co. v. Chapa,* 377 S.W.2d 632, 635 (Tex. 1964); *State v. Standard Oil Co.,* 130 Tex. 313, 107 S.W.2d 550, 559 (1937). The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. 15A C.J.S. *Conspiracy* § 1(2) (1967). Massey alleges that Armco and American General agreed to resist his claim of total and permanent disability and thereby deprive him of his rightful benefits. The mere agreement to resist a claim, however, is not an actionable civil conspiracy. For liability to attach, there must be an unlawful, overt act in furtherance of the conspiracy. The only overt acts alleged by Massey are the veto of his proposed settlements and the appeal from the award of the Industrial Accident Board. Since the rejection of settlement proposals is not an unlawful act, Massey has not stated a cause of action for civil conspiracy.

 The court of appeals, however, erred in affirming the summary judgment of the trial court. Whether pleadings fail to state a cause of action may not be resolved by summary judgment. In *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974), we wrote:

> [O]nly after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action .... This court believes that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings ... fail to state a cause of action.

The judgment of the courts below is reversed and the cause is remanded to the trial court for further proceedings.