Dan THOMAS, Appellant,

v.

Randy L. PANKEY, Lanny P. Seedig, and Juinetta F. Dorsey, Appellees.

No. 12-92-00102-CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1992.

Dan Thomas, pro se.

Randy L. Pankey, pro se.

BILL BASS, Justice.

This is an appeal from a dismissal of Dan Thomas' *pro se* petition against the Appellees, who are correctional officers at the Michael Unit of the Texas Department of Criminal Justice—Institutional Division. We will affirm.

In his petition, Thomas alleged that:

on 1/24/92 at 7:00 A.M. [appellees] did willfully, unlawfully in arbitrary manner deny plaintiff an hour of out of cell exercise, and daily shower as mandated by formal prison directive no. # 0350 and *Ruiz v. Estelle*, # H–78–987–CA. Defendants knew that plaintiff wanted to participate in his shower and out of cell exercise before the showering, but the acting in conceit by falsely stating in the admin. seg. activity log I had refuse these rights of recreation/exercise and shower on 1/14/92, at 7:00 A.M. at Michael Unit. Defendants knew or should have known that they acts were done maliciously and in violation of the established law.

On the basis of those facts, Thomas claimed that his 14th amendment rights under the prison directive had been violated and that Appellees' conduct constituted civ-

il conspiracy, and intentional infliction of emotional distress.

The trial court's order dismissing the petition cites Tex.Civ.Prac. & Rem.Code Ann. § 13.001 as its authority and further that there was "no sworn affidavit of inability." By two points of error, Thomas challenges both bases for the dismissal.

Thomas' first point of error alleges in essence that the trial court abused its discretion in dismissing his 42 U.S.C. § 1983 action as frivolous under section 13.001. Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.[1]

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

Tex.Civ.Prac. & Rem.Code Ann. § 13.001 (Vernon Supp.1992). On appeal, this Court is not authorized to reverse a section 13.001 dismissal order unless it determines that the trial court abused its discretion. *Birdo v. DeBose*, 819 S.W.2d 212 (Tex.App.—Waco 1991, no writ).

A claim under section 1983 requires that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived a person of privileges or immunities, secured by the Constitution

---

1. According to *Neitzke v. Williams*, 490 U.S. 319, 330, 109 S.Ct. 1827, 1837, 104 L.Ed.2d 338 (1989), and *Johnson v. Lynaugh*, 796 S.W.2d 705 (Tex.1990), a dismissal under section 13.-001(b)(3) is no longer proper.

or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–1913, 68 L.Ed.2d 420 (1981).[2] The defendants against whom Thomas filed suit are officials and employees of the state correctional system. We have no difficulty concluding that the trial court did not dismiss the petition on the basis that Appellant could not establish the "color of state law" prong of a section 1983 action. The difficulty arises under the second prong, whether the alleged conduct deprived Appellant of a right secured by the UNITED STATES CONSTITUTION or federal laws.

█ Thomas contends that his rights under the fourteenth and eighth amendments were violated by the Appellees actions. In support of this contention, he cites *Ruiz v. Estelle,* 679 F.2d 1115 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795. In *Ruiz,* the Fifth Circuit affirmed Part IV(C)(1) of the lower court's decree. Part IV(C)(1) required prison officials to afford inmates placed in administrative segregation for more than three consecutive days, the opportunity for at least one hour of exercise a day. *Ruiz,* 679 F.2d at 1151. In affirming this portion of the decree, the court was careful to note that failure to give the prescribed amount of exercise would not amount to a *per se* eighth amendment violation. Thomas has neither alleged an eighth amendment violation nor stated facts necessary to demonstrate that he falls within the category of inmates described in *Ruiz.* Moreover, we find no support for his claim of fourteenth amendment violations. Thomas also cites *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), in support of his claim that he has suffered violations of his constitutional rights. We find *Hewitt* inapplicable to the instant case.

█ Thomas' argument that he has a section 1983 cause of action arising out of his alleged right to a daily shower is also without merit. He cites no authority in support of this alleged right nor can we find any. In *Davenport v. DeRobertis,* 844

F.2d 1310, 1314 (7th Cir.1988), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248, the court held that one shower a week for inmates of Statesville's segregation unit is constitutionally sufficient. *Also see Dorrough v. Hogan,* 563 F.2d 1259, 1262 (5th Cir.1977), *cert. denied,* 439 U.S. 850, 99 S.Ct. 153, 58 L.Ed.2d 153.

█ As for Thomas' assertion that one of TDCJ–ID's administrative regulations was violated, we note the following. The regulation allegedly violated was not included in the appellate record. Moreover, the record contained no intra-agency grievance filed against the Appellees alleging a violation of the regulation. Even assuming the regulation exists and that it applies to Thomas, we do not believe a single violation of the regulation would implicate the due process or equal protection clauses of the UNITED STATES CONSTITUTION. The due process clause provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." The failure of a state agency to strictly adhere to its own regulations is not a denial of due process unless the conduct also impinges on constitutional safeguards. *Ramirez v. Ahn,* 843 F.2d 864, 867 (5th Cir.1988), *cert. denied,* 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Woodard v. Los Fresnos Independent School District,* 732 F.2d 1243, 1245 (5th Cir.1984). Nor does the fact that a state law or rule was violated become a constitutional violation merely because the violator was a state official. *Baker v. McCollan,* 443 U.S. 137, 146–147, 99 S.Ct. 2689, 2695–2696, 61 L.Ed.2d 433 (1979) (false imprisonment does not become fourteenth amendment violation simply because defendant is a state official); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (medical malpractice not a constitutional violation merely because the patient is a prisoner). Upon the facts and legal allegations contained in Thomas' petition, there was no arguable basis in law for an action

---

**2.** *Parratt* was overruled in part by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). However, *Daniels* only overruled

*Parratt* to the extent that *Parratt* allowed an action under section 1983 for negligent conduct of state officials.

under 42 U.S.C. § 1983 because no constitutional right was implicated.

Under this same point of error Thomas contends that the trial court erred in dismissing his state law claims as frivolous under section 13.001. He asserts that his petition stated causes of action for civil conspiracy, gross negligence and intentional infliction of emotional distress.

As support for his claim of civil conspiracy, Thomas cites *Massey v. Armco-Steel Co.*, 652 S.W.2d 932 (Tex.1983). *Massey*, involved a workers' compensation action in which the appellant alleged there had been a conspiracy to interfere with the settlement of his compensation claim. The *Massey* court stated that an actionable civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." To prevail, a litigant must establish the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey*, 652 S.W.2d at 934. Thomas' allegations, set out above, fail to state a cause of action for civil conspiracy.

Thomas next cites *Burk Royalty Co. v. Walls*, 616 S.W.2d 911 (Tex.1981), in support of his argument that his petition contains a cause of action for gross negligence. As was stated, in *Burk Royalty*, gross negligence is characterized by "such an entire want of care as ... shows the act or omission was the result of conscious indifference...." Here, the allegations in Thomas' petition do not speak to "want of care," but instead, allege that Appellees acted "knowingly" and "maliciously." Moreover, the petition fails to allege harm as a result of the allegedly unlawful acts of Appellees. Thomas' petition is insufficient under the law of gross negligence.

Finally, Thomas argues that his petition stated a cause of action for the intentional infliction of emotional distress. In Texas, intentional infliction of emotional distress is recognized as a separate cause of action. *Havens v. Tomball Community Hospital*, 793 S.W.2d 690, 692 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The elements of this tort are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; (4) the emotional distress suffered by plaintiff was severe. *Id.* at 692; *Tidelands Auto Club v. Walters*, 699 S.W.2d 939, 944 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.). Accepting as true Appellant's allegation of denial of one shower and one day's out of cell recreation, we hold that as a matter of law such conduct could not constitute extreme or outrageous conduct such as is required under the law of intentional infliction of emotional distress.

The trial judge did not abuse his discretion when he dismissed Thomas' petition as frivolous under TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1992). The first point of error is overruled.

In his second point of error, Thomas contends that the trial court erred in finding that Appellant did not submit a sworn affidavit in filing his lawsuit. Under TEX.R.CIV.P. 145, a party who is unable to provide security for costs may proceed without giving security if he files an affidavit of his inability to pay costs. As a general rule this means that the declaration of poverty of the party must be sworn before a notary. However, when the party is an inmate in State prison or a county jail, he may use an unsworn declaration instead of a notarized affidavit. TEX.CIV.PRAC. & REM.CODE ANN. § 132.001(a) (Vernon Supp. 1992). Appellant's affidavit of inability to pay costs meets the requirements for an unsworn declaration set out in TEX.CIV. PRAC. & REM.CODE ANN. § 132.003 (Vernon Supp.1992). The trial court did err in rejecting Thomas' unsworn declaration.

Despite the fact that the trial court erred in rejecting Thomas' unsworn declaration, we may reverse the trial court's judgment only if the "error amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper

judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court." TEX.R.APP.P. 81(b)(1). As we concluded under the first point of error that the trial court acted within his discretion in dismissing the petition as frivolous under TEX.CIV.PRAC. & REM.CODE § 13.001, we cannot say that the rejection of the unsworn affidavit caused or probably caused an improper judgment to be rendered or prevented proper presentation of the case. There being no reversible error, we overrule the second point of error.

The judgment of the trial court is affirmed.