United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

05-51417

_____

NORMA CAVAZOS; HECTOR CAVAZOS,

Plaintiffs-Appellants,

v.

EDGEWOOD INDEPENDENT SCHOOL DISTRICT; JOHNNY R. PEREZ; NORA
PEREZ; RAMIRO NAVA; MARY LOU MENDOZA; JESSE R. ALCALA; MARISOL
MARTINEZ; GEORGE GARNICA; ESTEFANA C. MARTINEZ; RICHARD
BOCANEGRA,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas, San Antonio
5:04-CV-679

_____

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Norma Cavazos, the former principal of John F. Kennedy High

School in San Antonio, Texas, alleges that her school board and its

members reassigned her to another school as retaliation for taking

disciplinary action against a student who is the son of a school

board member. She further alleges that the board members and

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

others repeatedly harassed her as a result of her decision to discipline the student. The district court granted summary judgment for the defendants on all claims. We AFFRIM.

Cavazos first contends that her actions constituted speech protected under the First Amendment, and that the reassignment violated 42 U.S.C. § 1983. However, all of her speech was made pursuant to her official duties as principal, and thus her First Amendment argument is foreclosed by the Supreme Court's recent decision in Garcetti v. Ceballos, ___ U.S. ___, 126 S.Ct. 1951 (2006). Under Garcetti, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 1960. Cavazos's expression consisted of disciplining a student and reporting his conduct to administrators for the school district, both of which clearly fall within her official duties. Her First Amendment claim therefore cannot stand, and the district court's grant of summary judgment is AFFIRMED.

Cavazos's additional claims are similarly unavailing. Her claim for constructive discharge cannot survive summary judgment because Cavazos has not created an issue of fact as to whether the events complained of are severe. To prove constructive discharge, Cavazos must show that "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." Landgraf v. USI Film

2

<u>Prods.</u>, 968 F.2d 427, 429–30 (5th Cir. 1992) (citations omitted). Moreover, a constructive discharge claim requires "a greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment." <u>Id.</u> at 430 (citation omitted). The incidents of which Cavazos complains are best described as ordinary work-related disagreements with various board members. She alleges, for example, that some board members repeatedly second-guessed her decisions and blamed her for things that were out of her control. We do not dispute that it would be unpleasant to work in such an environment, but allegations of this sort do not reach the level of severity required for a claim of constructive discharge.

Cavazos's third cause of action was for intentional infliction of emotional distress. Unlike the other claims, this was not filed against the entire board, but rather against one board member, Johnny Perez, and his wife, Nora Perez. A claim of intentional infliction of emotional distress requires, among other things, that there be "extreme and outrageous conduct" on the part of the defendant. <u>Twyman v. Twyman</u>, 855 S.W.2d 619, 621–22 (Tex. 1993). Extreme and outrageous conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Id.</u> at 621 (citation omitted). As with the constructive discharge claim, the conduct of which Cavazos complains does not rise to the level necessary to

3

survive summary judgment. She alleges, in short, that Mr. and Mrs. Perez repeatedly threatened to have her fired. Even if this is true, we do not believe that such statements are aptly characterized as "atrocious, and utterly intolerable in a civilized community." Id.

Finally, Cavazos's claim for civil conspiracy must also fail because, absent any First Amendment retaliation or intentional infliction of emotional distress, there is no indication that any of the defendants engaged in any unlawful, overt act in furtherance of the alleged conspiracy. See Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983) (listing essential elements of civil conspiracy).

In light of the foregoing, we AFFIRM the district court's grant of summary judgment as to all claims.