Opinion issued August 25,
2011.

 

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00734-CV

____________

 

ROBERT EARL WARNKE, Appellant

 

V.

 

NABORS DRILLING USA, L.P., NDUSA HOLDINGS CORP., AND
BRUCE WILKINSON, Appellees

 

 

On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2007-21185

 

 



OPINION ON REHEARING

Appellees
Nabors Drilling USA, L.P., NDUSA Holdings Corporation, and Bruce Wilkinson
filed a motion for rehearing and a motion for en banc reconsideration of our
opinion issued on April 7, 2011.  We
grant rehearing, deny as moot their motion for reconsideration en banc,
withdraw our opinion and judgment, and issue this opinion.

Robert Earl Warnke filed negligence,
fraud, and negligent misrepresentation claims against Nabors Drilling USA,
L.P., NDUSA Holdings Corporation, and Bruce Wilkinson arising out of his
workplace injury and his claim for workers’ compensation.[1]  The
trial court granted a traditional summary judgment against Warnke disposing of
all claims and all parties.  Warnke
contends the trial court erred in granting summary judgment because (1) Nabors and
NDUSA Holdings failed to establish that they provided him with pre-injury notice
of coverage and such notice is required for it to claim subscriber status under
the Texas Workers’ Compensation Act (the “Act”); (2) a genuine issue of
material fact existed whether Wilkinson was an independent contractor and
therefore covered under the Act’s exclusive remedy provision; and (3) his
claims for injuries arising from Nabors’s alleged fraudulent and negligent
misrepresentation constituted separate injuries from his on-the-job injury and
fell outside the protection of the Act’s exclusive remedy provision. 

We affirm in part, reverse in part,
and remand for further proceedings.  

Background

          In December 2006,Warnke suffered an
on-the-job injury at Nabors’s yard when a pipe connected by a co-worker, Bruce
Wilkinson, came free and crushed his hand. 
In his affidavit, Warnke testified that his supervisor told him before
his injury that he was not covered by workers’ compensation insurance and that after
his injury an employee in Nabors’s human resources department, Brandon Cannady,
denied Nabors’s responsibility for Warnke’s medical expenses.[2]  Warnke’s wife testified by affidavit that
Cannady told her that Warnke was not a Nabors employee and Nabors would not
provide him workers’ compensation coverage. 
Warnke also alleged that Nabors and NDUSA Holdings never
provided him written notice of coverage under workers’ compensation insurance
before his injury.  Eight months after
the accident and about three months after filing suit, Warnke began receiving workers’
compensation benefits from Nabors’s workers’ compensation carrier. 

Warnke
filed suit against Nabors for negligence, fraud, and negligent
misrepresentation, against NDUSA Holdings for negligence,
and against Wilkinson for negligence.[3]  In his original petition, Warnke claimed that
he and Wilkinson were both employees of Nabors. 
He later amended his petition to plead in the alternative that Wilkinson
was an independent contractor.   

          Nabors, NDUSA
Holdings, and Wilkinson filed a traditional motion for summary judgment arguing
that no genuine issue of material fact existed because the Act’s exclusive
remedy provision bars Warnke’s recovery. 
Nabors, NDUSA Holdings,
and Wilkinson argued that subscriber status does not depend on providing the
employee with pre-injury notice of coverage. 
Nabors—the only defendant sued for fraud and negligent misrepresentation
claims—also asserted that the exclusive remedy provision barred Warnke’s fraud
and negligent misrepresentation claims.  Warnke
responded that (1) Nabors and NDUSA Holdings were not subscribers because they failed to give Warnke notice
of coverage and their insurance provider was not authorized to act in Texas;
(2) a fact issue exists regarding whether Wilkinson was an independent
contractor and therefore not covered by the exclusive remedy provision; and (3)
his fraud and negligent misrepresentation claims arise from a separate injury
from the on-the-job injury covered by the Act. 
The trial court granted summary judgment in favor of Nabors, NDUSA Holdings, and Wilkinson on all claims.   

Summary Judgment Standard of Review

We review a trial court’s summary
judgment de novo.  Valence Operating
Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex.
2003).  Under the traditional standard
for summary judgment motions, the movant has the burden to show that no genuine
issue of material fact exists and the trial court should grant judgment as a
matter of law.  Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison
Cnty. Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999).  The motion
must state the specific grounds relied upon for summary judgment.  Tex.
R. Civ. P. 166a(c).  When reviewing a summary judgment
motion, we take as true all evidence favorable to the nonmovant, and indulge
every reasonable inference and resolve any doubts in the nonmovant’s
favor.  Dorsett, 164 S.W.3d at 661; Knott, 128 S.W.3d at 215.  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum,
Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997). 

Exclusive Remedy Under the Workers’ Compensation Act

The Act is the exclusive remedy for
non-intentional, “work-related injuries” of an employee, and exempts the
employer, its agents, and its employees from common-law liability claims based
on negligence or gross negligence.  See Tex.
Lab. Code Ann. § 408.001(a) (West 2006);[4] Reed
Tool Co. v. Copelin, 689
S.W.2d 404, 406 (Tex. 1985).  The
exclusive remedy provision protects the employer in exchange for prompt
remuneration to the employee who is relieved of the burden of proving the
employer’s negligence.  Hulshouser v.
Tex. Workers’ Comp. Ins. Fund,
139 S.W.3d 789, 792 (Tex. App.—Dallas 2004, no pet.).  The Act defines “injury” to mean, “damage or
harm to the physical structure of the body and a disease or infection naturally
resulting from the damage or harm.”  Tex. Lab. Code Ann. § 401.011(26) (West
Supp. 2010).  

The
exclusive remedy provision is an affirmative defense that the defendant must
plead and prove.  See Exxon Corp. v. Perez, 842 S.W.2d 629, 630–31 (Tex. 1992); AMS
Const. Co. v. K.H.K. Scaffolding Houston, Inc., No. 01-09-00360-CV, 2011 WL
1598745, at *10 (Tex. App.—Houston [1st Dist.] (Apr. 28, 2011, no pet.) (citing
Pierce v. Holiday, 155 S.W.3d 676, 678 (Tex. App.—Texarkana 2005, no
pet.)).  To demonstrate that a common law
claim is barred by the Act, the defendant must show that the injured worker was (1) its employee
at the time of the work-related injury and (2) covered by workers’ compensation
insurance.  See Garza v. Excel Logistics, Inc., 161 S.W.3d 473, 476–77 (Tex. 2005); Martinez v. H.B. Zachry Co., 976 S.W.2d
746, 748 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).  Once these requirements are satisfied, the exclusive remedy
provision is triggered and all employee claims of work-related negligence and
gross negligence are barred.  See Tex. Lab. Code Ann. § 408.001; see also Reed Tool,
689 S.W.2d at 406.  Warnke does not
challenge either of these elements of the exclusive remedy defense.  He contends instead that there is another
requirement that must be satisfied to prevail on this defense: pre-injury
notice of coverage.

A.
     Notice and Subscriber Status 

Warnke contends that Nabors is not entitled to the exclusive remedy
defense unless it provides its employees with pre-injury notice of workers’
compensation insurance coverage.  He
asserts that Nabors and NDUSA Holdings failed to give such notice, and
thereby lost their subscriber status and the protection of the exclusive remedy
provision.  The Act requires employers
to notify “each employee . . . whether or not the employer has workers’
compensation insurance coverage.”  Tex. Lab. Code Ann. § 406.005 (West
2006).  Failure to give notice
constitutes an administrative violation punishable by a fine.  See
id. § 406.005(e); Wesby v. Act Pipe & Supply, Inc.,
199 S.W.3d 614, 618 (Tex. App.—Dallas 2006, no pet.).  

Courts in
this state, including this court, have held that the exclusivity bar does not
hinge on whether notice has been provided to the employee.  See,
e.g., Wesby, 199 S.W.3d at 618; see also Blazik v. Foley’s, Inc., No.
01-96-01140-CV, 1998 WL 788848, at *3 (Tex. App.—Houston [1st Dist.] Nov. 12,
1998, no pet.) (mem. op., not designated for publication).  Although Nabors provided no evidence to show
it gave pre-injury coverage notice to Warnke, the Act and the exclusivity
provision apply even without such notice.[5]   

Nabors
presented sufficient evidence otherwise to demonstrate subscriber status under
the Act.  Neither party contests Warnke’s
status as an employee at the time of his injury.  Further, Nabors attached an affidavit from
its insurance carrier’s managing director stating that his company provided
workers’ compensation insurance to Nabors at the time of the accident.  Nabors also attached the Texas Department of
Insurance’s certification of the carrier’s authority to provide insurance in
Texas.  Nabors therefore satisfied its
burden to demonstrate subscriber status and triggered the exclusive remedy
provision of the Act.  Accordingly, we
hold that the exclusive remedy provision bars Warnke’s common law negligence
claims against Nabors and NDUSA
Holdings for the on-the-job injury of his hand.

We
overrule Warnke’s complaint as to pre-injury notice and Nabors and NDUSA
Holding’s subscriber status.  

B.      Employee or Independent
Contractor

Warnke next contends the Act’s exclusive remedy provision does not apply
to his negligence claim against Wilkinson because Wilkinson failed to prove
conclusively that he was an employee of Nabors. 
See Tex. Lab.
Code Ann.          § 408.001(a); see Hughes Wood Prod. v. Wagner, 18 S.W.3d 202, 206 (Tex. 2000).  While an employer’s exclusive remedy
generally covers the liability of its employees, the same protection does not
apply to independent contractors without some showing that the employer
exercised “employer-like” control over the contractor.  See
Garza, 161 S.W.3d at 476–77.  

The only summary judgment evidence Nabors and Wilkinson submitted for
Wilkinson’s employment status was their second amended answer and Warnke’s
amended petition.  Nabors and Wilkinson
argue that Warnke made a judicial admission that Wilkinson was an employee in
his amended petition.  “Assertions of fact, not plead in the
alternative, in the live pleadings of a party are regarded as formal judicial
admissions.”  Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568
(Tex. 2001).  An admission in a pleading
must be deliberate, clear, and unequivocal to constitute a judicial admission.  Bowen
v. Robinson, 227 S.W.3d 86, 94 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied). Warnke’s first amended
petition labeled Wilkinson as a “co-employee” of Nabors, but it also asserted
in the alternative that he was an independent contractor.  Pleading in the alternative does not
constitute a judicial admission.  See id. at 95.  Labeling
Wilkinson as both a “co-employee” and an independent contractor constitutes
some evidence of both propositions—that Wilkinson is either a co-employee or an
independent contractor.  The pleading is
not so clear and unequivocal to prove his employment status conclusively.

           As summary judgment proof, Nabors and
Wilkinson also relied on their second amended answer, which named Wilkinson as
a “co-employee.”  A movant’s own
pleadings do not constitute summary judgment evidence as a general rule.  Powell
v. McCauley, 126 S.W.3d 158, 162 (Tex. App.—Houston [1st Dist.] 2003, no
pet.).  The second amended answer,
therefore, amounts to no evidence in support of summary judgment.  See id.

  On rehearing, Nabors and
Wilkinson rely on (1) Wilkinson and Warnke’s identical agreements with Re-Cal
Services, Inc. and (2) their I-9 forms that identified Wilkinson and Warnke as
Nabors’s employees.  While these
documents were not incorporated into Nabors’s summary judgment motion, Warnke
included them in the summary judgment record as part of his response.  The trial court, therefore, could rely on the
entire record, including these documents, as a basis for ruling on the summary
judgment motion.  See Wilson v. Burford, 904 S.W.2d 628, 629 (Tex. 1995).  

Nabors and Wilkinson assert that because Warnke
and Wilkinson signed identical employment documents, and it is undisputed that
Warnke is Nabors’s employee, Wilkinson must also be Nabors’s employee.  All of the summary judgment evidence demonstrates that
Wilkinson was employed in the same manner as Warnke.  Therefore, it is contradictory to say that
Warnke is an employee but a fact issue exists on Wilkinson’s employment
status.  

We overrule Warnke’s complaint with regard to his common law negligence
claim against Wilkinson.  

C.      Fraud and Negligent Misrepresentation 

Warnke next contends that his fraud and negligent misrepresentation claims
against Nabors are for injuries separate from his on-the-job hand injury and,
therefore, are not covered by the Act or its exclusive remedy provision.  In his amended petition, Warnke claims that
Nabors committed fraud and made negligent misrepresentations by deceiving him about
his coverage under workers’ compensation insurance.   In his petition, he also alleges that he
“suffered great anxiety and emotional distress upon learning that he did not
have coverage,” that he had to take out “a loan against his home to obtain
funds to pay for his medical and living expenses,” and that he suffered
unspecified “economic and emotional damage” as a result of Nabors’s fraudulent
and negligent misrepresentations.[6]

Nabors
raised three arguments in its traditional summary judgment motion.  First, Nabors asserted that none of its
employees made any fraudulent misrepresentations to Warnke about his insurance
coverage.  Second, even if its employees
made misrepresentations, Nabors contended that it conclusively negated the
specific intent requirement of the intentional tort exception to the Act’s
exclusivity defense—an element for which Warnke would bear the burden of proof
at trial. Third, Nabors maintained that Warnke’s fraud and negligent
misrepresentation claims do not fall within intentional tort exception to the
exclusivity defense.  We address each of
these defenses in turn.

1.       No Misrepresentations

 Nabors denies that it made any fraudulent
misrepresentations to Warnke.  In a
summary judgment appeal, however, we must take as true all evidence
favorable to the nonmovant, Warnke, and indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor. 
See Dorsett, 164
S.W.3d at 661.  Warnke attached his and his wife’s affidavits, in which they detailed
misrepresentations by Brandon Cannady, an employee in Nabors’s human resources
department, regarding Warnke’s workers’ compensation status.  Under the summary judgment standard of
review, we must presume that the misrepresentations were made regarding
Warnke’s coverage under workers’ compensation insurance.[7]

2.       Nabors’s Intent

Nabors contends that Warnke presented no evidence of any intent by any
Nabors employee to commit fraud.  Nabors,
however, filed a traditional summary judgment motion instead of a no-evidence
motion.  Nabors therefore had the burden
of disproving Warnke’s claim as a matter of law.  See Sci. Spectrum, 941 S.W.2d at 911. 


Nabors next contends that it satisfied its burden of disproving Warnke’s fraud
claim by conclusively negating intent through the testimony of one of its
managers, Duke Dixon.  Dixon’s testimony
is not dispositive of Nabors’s intent. 
Dixon denied speaking with Mrs. Warnke. 
He also denied telling Warnke that he was not covered by insurance, and
testified that he told Warnke to “check with his supervisor.”  Warnke did not rebut this denial, but offered
affidavit evidence of misrepresentations by another Nabors employee,
Cannady.  Nabors contends that Cannady
was not its employee, or was not a managerial employee, but without citing to
evidence in the record to support this contention.[8]

3.       Intentional
Torts, Separate Acts, & Independent Injuries  

In its
summary judgment motion, Nabors contended that Warnke’s fraud and negligent
misrepresentation claims do not fall within the intentional tort exception to
the exclusivity defense, and that the exception is limited to direct assaults
by the employer on the employee.  See Medina v. Herrera, 927 S.W.2d 597,
601–02 (Tex. 1996) (employee’s claim against employer for on-the-job assault
was not barred by exclusivity provision under certain limited
circumstances).  In his summary judgment
response, Warnke argued that his claim was not based on that exception and that
the Act does not apply to his fraud and negligent misrepresentation claims.  According to Warnke’s response, the
exclusivity defense does not apply when the liability facts occurred at a
separate time—after his injury—and caused injuries separate from his on-the-job
hand injury.  Nabors’s summary judgment
motion did not address this claimed exception to the exclusivity defense.  In its reply, however, Nabors contended that
these additional economic and emotional injuries were “directly related” to
Warnke’s hand injury and would not have occurred but for the hand injury.

a.       The
Intentional Tort Exception

Nabors
attempts to reshape Warnke’s arguments in terms of the intentional tort
exception to the Act’s exclusive remedy provision.  Warnke’s separate-injury argument, however,
goes to the applicability of the Act in its entirety, not to an exception to
the exclusivity remedy.  

Under the
intentional tort exception, “an employer can, under certain circumstances, be
sued at common law for its own intentional torts, even though it provides
insurance under the Act.”  Urdiales v. Concord Techs. Del., Inc.,
120 S.W.3d 400, 406 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  The receipt of workers’ compensation benefits
and recovery against the employer for an intentional tort are generally
mutually exclusive remedies.  See Medina, 927 S.W.2d at 601.  The exception to the exclusivity bar is a
narrow one.  Reed Tool, 689 S.W.2d at 407. 
“[M]ere
negligence or willful negligence will not suffice” to fall within the
intentional tort exception.  Urdiales, 120 S.W.3d at 406.  

Nabors’s reliance on Medina
conflates the intentional tort exception with the separate injury issue.  In Medina,
both the physical assault and the resulting injury were the same for the
intentional tort claims and the compensation claim under the Act.  See id.
at 598.  Here, the record contains
evidence of two different acts—the crushing of Warnke’s hand and the
misinformation regarding insurance coverage—and allegations of injuries
separate from his on-the-job injuries.  

b.      Separate
Acts & Independent Injuries                         

Warnke
contends that the Act does not apply to his fraud and negligence
misrepresentation claims.  Texas courts have recognized the
limitations of the exclusivity defense regarding separate wrongful conduct from
the acts that caused the on-the-job injury and an employee’s resulting distinct
injuries.  

In Aranda v. Insurance Co. of
North America, the Texas Supreme Court upheld an employee’s right to bring
a claim for the breach of the duty of good faith and fair dealing against a
workers’ compensation insurance carrier. 
748 S.W.2d 210, 214 (Tex. 1988).  The
Court rejected the argument that the exclusivity defense barred the claim:

[T]he remedies afforded by the statute are exclusive
only if the injury complained of is an injury contemplated by the Act—a
personal injury sustained in the course of employment.  The Act was not intended to shield
compensation carriers from the entire field of tort law.

 

Id.  In analyzing whether the Act barred the
employee’s claim, the Court in Aranda
noted that the employee’s liability claim was based on acts “distinct” from the
acts that formed the basis of the on-the-job injury.  Id.  Additionally, when the claim is for a second
injury in the form of impairment of legal rights, that injury occurs “after the
job-related injury.”  Id.  (citing
Massey v. Armco Steel Co., 652 S.W.2d
932, 933 (Tex. 1983)).  The Court held
that the employee can recover only if he or she demonstrates both that the
“intentional act is separate from the compensation claim” and this separate act
“produced an independent injury.”  Id.  Aranda
recognized that an injury independent from a failure to pay compensation
benefits included losses to credit and reputation or “an inability to meeting
basic living expenses.”  Id. at 212, 214.  

This court adopted the language in Aranda and recognized that “injured
employees ‘may in the interim incur substantial damages because of an inability
to meet basic living expenses or pay for medical care.’”  Tex.
Mut. Ins. Co. v. Ruttiger, 265 S.W.3d 651, 669 (Tex. App.—Houston [1st
Dist.] 2008, pet. granted) (citing Aranda,
748 S.W.2d at 212).[9]   In Ruttiger, this court held that the aggravation of an on-the-job injury as a
result of the insurance carrier preventing prompt medical treatment can be
considered a separate injury.  Id. at 670–71.

Warnke’s
claims are similar to those in Aranda,
though he alleges wrongful conduct against his employer instead of an insurance
carrier.  Warnke’s petition identifies
injuries he allegedly suffered as a result of Nabors’s misrepresentations,
separate from his personal injury claims, including economic damages as a
result of a loan.  Warnke also claims
that the financial stress caused mental anguish and that this stress
constituted an independent injury.[10]  

          i.        Fraudulent
Misrepresentations

While Aranda and Ruttiger were suits against insurance carriers, Harris v. Varo, 814 S.W.2d 520, 526 (Tex.
App.—Dallas 1991, no writ), extended the holding in Aranda to fraudulent misrepresentation claims against employers.  In Harris,
the employee suffered an on-the-job injury. 
She sued for that on-the-job injury as well as for her employer’s
fraudulent misrepresentation of the identity of its insurance carrier.  The Dallas Court of Appeals overturned the
trial court’s summary judgment on a technical ground—the employer failed to
address the employee’s fraud claim.  Harris, 814 S.W.2d at 526.  Nevertheless, the court stated that the fraud
claim was wholly separate from the employee’s claim for her physical
injuries.  Id.  “Consequently, we hold
that the exclusivity provision of the act does not bar [the employee’s] claim
against [the employer] for the intentional tort of fraud.”  Id. at
526.  That part of Harris addressing the validity of a fraud claim against an employer
was dicta, but this court adopted it in Blazik
v. Foley’s Inc. No. 01-96-01140-CV, 1998 WL 788848, at *4 (Tex.
App.—Houston [1st Dist.] Nov. 12, 1998, no pet.).  We stated in Blazik that the Act “does not bar an employee from bringing a
separate claim against an employer for fraudulent misrepresentations concerning
its insurance coverage.”  Id. 


We are not bound by Blazik or Harris.  See Tex. R. App. P. 47.7 (stating opinions
published before January 1, 2003 and designated “do not publish” are not
binding precedent); In re Budzyn, 206 S.W.3d 721, 723 (Tex.
App.—Houston [1st Dist.] 2006, no pet.) (stating opinion by one Texas appellate
court is not binding on other Texas appellate courts).  We are persuaded, however, that the rationale
of Aranda and Massey applies not only to a claim against an insurance carrier,
but also to a claim against the employer for misrepresentations concerning
insurance coverage.[11]

Additionally, a majority of jurisdictions have found that deceit by
the employer or insurance carrier that impairs an employee’s legal rights under
workers’ compensation law constitutes a claim separate from the on-the-job
physical injury.  See 6 Arthur Larson & Lex Larson, Larson’s Worker’s Compensation Law, § 104.03[3], 104.03D[3]
n.6, 7 (2010).  As summarized by
Professor Larson, these cases distinguish between the employee’s physical
injuries and injuries that impair the employee’s legal rights.  These courts hold that, as a result of the
separate injury, the workers’ compensation statutes do not bar recovery for
these fraudulent acts.  See, e.g., Persinger v. Peabody Coal Co., 474 S.E.2d 887, 896–97 (W. Va. 1996)
(holding workers’ compensation statute does not preclude employee from
maintaining separate and distinct cause of action against employer when
employer makes misrepresentations with intent of depriving employee of benefits
rightfully due to him); see also
Vandermark v. Southland Corp., 525 N.E.2d 1374, 1376–77 (Ohio 1988)
(holding employee has tort cause of action when employer never filed employee’s
workers’ compensation claim but deceived employee that it had so filed); Caban v. Gottlieb Iron Works, 558
N.Y.S.2d 810, 813 (1990) (holding exclusive remedy bar did not apply to common
law action against employer for impairing employees’ right to sue third-party
tortfeasor).  These courts’ recognition
of a distinction between personal, on-the-job injuries under workers’
compensation statutes and separate, independent injuries is consistent with the
Texas Supreme Court’s decisions in Aranda
and Massey.  See Aranda, 748
S.W.2d at 214; Massey, 652 S.W.2d at 933.

          ii.       Negligent
Misrepresentations

Neither
party argues below or in their briefs that a claim of negligent
misrepresentation against the employer should be treated differently than a claim
of fraud.  Thus, we do not address
whether negligent misrepresentation claims should be barred on other grounds.[12]  See
State Farm Lloyds v. Page, 315 S.W.3d 525, 532 (Tex. 2010) (“Summary
judgment may not be affirmed on appeal on a ground not presented to the trial
court in the motion.”).

iii.      Warnke’s
Claims

That brings
us to the evidence in this case.  Nabors
contends on rehearing that Warnke had the burden to rebut the exclusivity
defense by offering summary judgment evidence that he suffered injuries
separate from the hand injury for which he received workers’ compensation
benefits.  In essence, Nabors asserts
that Warnke must set forth a counter-affirmative defense to its
exclusivity provision affirmative defense.[13]  Warnke contends that Nabors, as the
movant for a traditional summary judgment relying on an affirmative defense,
had the burden to demonstrate that the Act and its exclusive remedy provision
applies.  Thus, Warnke asserts Nabors had
the burden to show that he suffered a work-related, physical injury under the
Act.  See Tex. Lab.
Code Ann. § 408.001(a).   

Neither party offered any proof on this issue.  Nabors merely argued Warnke’s injured hand
and the misrepresentations of his insurance coverage amounted to the same
injury.  Employing a “but for” analysis,
Nabors asserted that if Warnke “had not received the hand injury, the
discussion of workers’ compensation benefits would have never occurred.”  Warnke relied on his pleadings that described
Nabors’s alleged hostility to his claim and the eight month delay before he
received benefits.  Therefore, the
allocation of the burden of proof is critical to determining the propriety of
the trial court’s summary judgment.

We reject Nabors’s contention that Warnke’s failure to prove a separate
act resulting in a separate injury justifies the trial court granting its
traditional summary judgment motion for two procedural reasons.  First, Nabors did not argue to the trial
court or in its original brief on appeal that Warnke bore the burden of proving
a separate injury or that Warnke failed to prove a separate injury.  Instead, it argued that the injuries would
not have occurred but for his hand injuries and therefore were “directly
related” to Warnke’s compensation claim as a matter of law.   Because this issue was not presented to the
trial court, the motion did not inform Warnke that he needed to present
evidence of a separate injury.  See Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick, 988 S.W.2d at 748.  Procedurally, this issue was not properly
preserved.  See Page, 315 S.W.3d at 532.   


A second procedural reason is that Nabors filed a traditional summary
judgment motion and not a no-evidence motion. 
Therefore, regardless of the ultimate burden of proof at trial, it was
Nabors’s burden in its motion to prove that Warnke did not suffer an
independent injury.  See Tex. R. Civ. P. 166a(c);
KPMG Peat Marwick, 988 S.W.2d at 748.

We sustain
Warnke’s complaint as to his fraud and negligent misrepresentation claims
against Nabors.  

Conclusion

          We affirm the trial court’s judgment regarding
Warnke’s negligence claim against all parties. 
We reverse the trial court’s judgment on his fraud and negligent
misrepresentation claims against Nabors. 
We remand to the trial court for further proceedings consistent with
this opinion.  

 

 

                                                          Harvey
Brown                                                                                                     Justice 

 

Panel consists of Justices Jennings,
Higley, and Brown.











[1]           Appellees
assert that NDUSA Holdings is
the general partner of Nabors.  Warnke never
disputed the contention that both Nabors and NDUSA Holdings are employers within the Workers’ Compensation Act’s
exclusive remedy provision.  





[2]           In the
first report of injury, Nabors stated that Warnke was a third party contractor
working for Express Payroll.  Express
Payroll entered into a “contractor agreement” with Nabors to act as a “payroll
source” for Nabors. 





 

[3]           Warnke
clarified in his motion for rehearing that negligence was his only claim
against NDUSA Holdings.





[4]           Section 408.001(a) provides, “Recovery
of workers’ compensation benefits is the exclusive remedy of an employee
covered by workers’ compensation insurance coverage or a legal beneficiary
against the employer or an agent or employee of the employer for . . . a
work-related injury sustained by the employee.” 
Tex. Lab. Code Ann. §
408.001(a) (West 2006).





[5]           Warnke
asserts we should follow Ferguson v. Hosp.
Corp. Int’l Ltd., 769 F.2d 268 (5th Cir. 1985), which held the failure to
comply with the notice requirement bars an employer from claiming subscriber
status.  However, the Southern District
of Texas in Bradley v. Phillips Chemical
Co., 484 F. Supp. 2d 604, 618 (S.D. Tex. 2007), aff’d, 337 F. App’x 397 (5th Cir. 2009), states Ferguson is no
longer binding precedent and lists several Texas appellate cases decided since Ferguson that have held that the
exclusivity provision does not hinge on pre-injury notice.  Bradley,
383 F. Supp. at 618 n.43.  





[6]           While
Warnke made these allegations in his pleading, he did not include evidence to
support his assertions in his response to Nabors and Wilkinson’s summary
judgment motion.  





[7]           On
rehearing, Nabors alternatively asserts that even if Cannady told Warnke that
Nabors was not responsible for his medical expenses, then that statement was
not a misrepresentation because the insurance company, not Nabors, was
responsible for payment of benefits. 
Nabors did not raise a “truth” defense in its summary judgment motion
and therefore cannot rely on this ground to support summary judgment.  





[8]           Nabors
stated in its response to Warnke’s summary judgment reply that its attorney
informed Warnke in a letter that Cannady was never employed by Nabors.  No summary judgment evidence, however, was
attached to support this contention.  





[9]           We
recognize that the Texas Supreme Court has been asked to overrule Aranda, but the case is still Texas
law.  Petitioner’s Brief on Merits at
27–29, Tex. Mut. Ins. Co. v. Ruttiger,
No. 08-0751 (filed Apr. 15, 2009). 
Moreover, even if it were to limit Aranda,
we would still have to consider Aranda’s
underlying precedent in Massey v. Armco
Steel Co., 652 S.W.2d 932, 933 (Tex. 1983), which utilized the same
separate act and injury analysis.





[10]         In oral
argument, Warnke acknowledged that the jury should be instructed to only
consider mental anguish from the withholding of benefits and not mental anguish
associated with the physical injury of his hand. 





[11]         Contrary
to Nabors’s contention on rehearing, we are not recognizing a duty of good
faith and fair dealing for an employer in responding to its employees’ workers’
compensation claims.





[12]         Nabors
on rehearing relies on Hair v. Pillsbury
Co., No. 05-01-01354-CV, 2002 WL 1494922, at *7 (Tex. App.—Dallas July 15,
2002, no pet.) (mem. op., not designated for publication), to support its
contention that the Act bars Warnke’s negligent misrepresentation claim.  This case is not cited by Nabors in its original
brief, nor are its arguments addressed in Nabors’s brief.  We do not determine, therefore, whether
Warnke’s negligent misrepresentations claims are actionable.  Likewise, we also do not consider Nabors’s
arguments on rehearing that Warnke failed to present evidence of actual and
justifiable reliance or intent to defraud. 
Because Nabors filed a traditional summary judgment motion rather than a
no-evidence motion, Warnke did not have the burden to prove the elements of his
claim.  We also reject Nabors’s
contention on rehearing that our holding opens the door to negligent
misrepresentation claims or that it makes employers less likely to subscribe to
workers’ compensation coverage because they will be sued for negligent
misrepresentation.  

             





[13]         A counter-affirmative defense does not
seek to overcome the affirmative defense by denying the affirmative defense,
but seeks to establish an independent reason why the affirmative defense does
not bar the plaintiff’s claim.  See Walters
v. Cleveland Reg’l Med. Ctr.,
307 S.W.3d 292, 295 (Tex. 2010) (holding that when movant-defendant proved
statute-of-limitations affirmative defense, burden shifted to non-movant to
raise fact issue on lack of reasonable opportunity to discover and bring suit
within limitations period); G.C. Bldgs., Inc. v. RGS Contractors, Inc.,
188 S.W.3d 739, 742 (Tex. App.—Dallas 2006, no pet.) (stating that if defendant
establishes affirmative defense in summary judgment motion, “the burden then shifts to the party opposing the motion
to raise a genuine issue of material fact or show the defendant’s legal
position is unsound”); Resolution Trust Corp. v. Ammons, 836
S.W.2d 705, 710 (Tex. App.—Houston [1st Dist.] 1992, no writ) (stating that
plaintiff may defeat defendant’s summary judgment by raising a fact issue on
each element of its counter-affirmative defense).